**CAST IRON CO., Plaintiff,**

v.

**CAST IRON CORP., Defendant.**

**No. 88 CV 1055 (RJD).**

United States District Court, S.D. New York.

April 28, 1988.

**656**

Stroock & Stroock & Lavan by Jay F., New York City, for plaintiff.

Moss & Kalish by Mark L. Kalish, New York City, for defendant.

DARONCO, District Judge.

Plaintiff commenced this action to challenge defendant's termination, by notice dated January 7, 1988, of leases pursuant to the Condominium and Cooperative Abuse Relief Act of 1980, 15 U.S.C. § 3601, *et seq.*

Defendant, attempting to distinguish this case from *W. 14th St. Comm. Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188 (2d Cir.), *cert. denied*, ── U.S. ──, 108 S.Ct. 151, 98 L.Ed.2d 107 (1987), contends that the leases at issue contain a provision ("tenant may use and occupy the premises and any and all parts thereof for any and all lawful purpose or purposes, commercial or otherwise, as the tenant may from time to time desire ..."), which satisfies the requirement of 15 U.S.C. § 3607(a)(1). The facts are undisputed, however, that these leases cover premises which are not currently used as property serving the defendant-cooperative's unit owners. Obviously, the broad use provision of the lease does not foreclose a use or uses in the future which may convert the premises to property serving the defendant-cooperatives unit owners. Nevertheless, the language of § 3607(a)(1) refers to the present state of affairs ("any contract or portion thereof ... which—[1] *provides* for ...") and not to future possibilities.

This ruling, which results in a judgment in favor of plaintiff, does not automatically compel the award of fees under the obviously discretionary language of 15 U.S.C.

§ 3611(d) ("the amounts recoverable under this section *may* include ..."). Defendant's commencement of an action in Supreme Court, New York County and the circumstances attendant thereto have not persuaded the Court to abstain from exercising jurisdiction over plaintiff's federally based claim, as requested by defendant's cross-motion. The statutory scheme of 15 U.S.C. §§ 3607 and 3608 obviously does not contemplate that the terminating cooperative will initiate judicial review of a lease termination pursuant to § 3607. Section 3607 identifies the type of contract subject to termination without penalty, establishes the procedure for termination, and renders the termination effective ninety (90) days after the prescribed notice. Unlike § 3608, judicial intervention is not required to effect a termination. Logically, therefore, the cooperative's sponsor or developer will sue, claiming the termination does not meet the requirements of § 3607, as occurred here. The effectiveness of the termination does not hinge on a comparable action by the terminating cooperative for a declaratory judgment that the termination is valid, as contained in the first claim in the State Court action initiated by defendant. Consequently, defendant's State Court action attempts to avoid the possibility that the Court of Appeals for the Second Circuit will not accept the argument that this case is distinguishable from *W. 14th St. Comm. Corp.* for the reason asserted by defendant. The State lawsuit does not, therefore, as plaintiff asserts, seek to avoid the effect of assertedly controlling precedent.

Moreover, it has also not resulted in impeding the adjudication of plaintiff's federal claim in this Court. That claim is the inevitable by-product of a termination, which, while unlawful in this case, cannot be deemed so lacking in legal basis as to call into question the cooperative's motives in raising the point.

Based on the foregoing, plaintiff's motion for summary judgment is granted, and the Clerk is directed to enter a judgment declaring that defendant's termination of the leases at issue is null and void. In its

discretion, the Court denies plaintiff's application for attorneys' fees.

SO ORDERED.