**305 EAST 24TH OWNERS CORP.; Anthony Niskanen; Sherry Kain; Jean Mullens; Ellen Fishman; Donald Layton and Mort Schwartz, Plaintiffs–Appellees, Cross–Appellants,**

v.

**PARMAN CO.; Dicta Realty Associates; Jack Parker; Harold R. Liebman; Seymour Sadkin; Parman Corp.; East 24th Garage Corp.; East 24th Commercial Corp. and East 24th Laundry Corp., Defendants–Appellants, Cross–Appellees.**

**Nos. 991, 1496, Dockets 92–9005, 92–9045.**

United States Court of Appeals, Second Circuit.

Argued March 22, 1993.

Decided June 1, 1993.

Robert A. Wolf, New York City (Kenneth H. Amorello, Robinson Silverman Pearce Aronsohn & Berman, New York City, of counsel), for defendants-appellants/cross-appellees.

Yvette Harmon, New York City (Philip Goldstein, David F. Norton, Ross & Hardies, New York City, of counsel), for plaintiffs-appellees/cross-appellants.

Before: MESKILL, Chief Judge, PRATT, Circuit Judge, and POLLACK,* District Judge.

PER CURIAM:

This is an appeal from a final judgment entered in the United States District Court for the Southern District of New York, Grubin, M.J.[1] Plaintiffs-appellees/cross-appellants Owners Corp.,[2] cooperative owners of the building in which they formerly lived as

tenants, cross-appeal from the portion of the judgment determining that the commercial leases which accompanied the sale of the building are not unconscionable. Defendants-appellants/cross-appellees Parman Co.[3] appeal from the determination of attorney's fees under the Condominium and Cooperative Abuse Relief Act of 1980 (Abuse Relief Act), 15 U.S.C. §§ 3601-3616, and also argue on appeal that section 3607 of the Abuse Relief Act violates the Due Process Clause of the Fifth Amendment. We write only to clarify the issue of attorney's fees pursuant to the Abuse Relief Act and affirm the judgment below.

## BACKGROUND

In 1984, Parman Co., which owned an apartment building at 305 East 24th Street in Manhattan, sponsored its conversion to a cooperative. Owners Corp. became the cooperative owners of the building. In 1985, Owners Corp. commenced this action asserting claims to void the leases concerning the commercial management services, building management services and garage and laundry services, executed upon conversion, as illegal tying arrangements in violation of section 1 of the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, and under common law principles of unconscionability. Parman Co. moved to dismiss these claims pursuant to Fed.R.Civ.P. 12(b). Subsequently, two-thirds of the shareholders of Owners Corp. voted to terminate the leases pursuant to

---

* Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

1. The final judgment is based on the Decision and Order of Ward, J., dated April 28, 1987, granting relief to plaintiffs pursuant to the Condominium and Cooperative Abuse Relief Act of 1980, 15 U.S.C. §§ 3601–3616, for leases involving the garage and laundry premises; the opinion of Wood, J., dismissing after a bench trial antitrust and state law unconscionability claims, *305 East 24th Owners Corp. v. Parman Co.*, 714 F.Supp. 1296 (S.D.N.Y.1989); the Order of Wood, J., dated September 18, 1990, referring the determination of the amounts of damages, prejudgment interest and attorney's fees to a magistrate judge; the opinion of Grubin, M.J., dated July 29, 1992, determining the amount of damages, prejudgment interest and attorney's fees; and the Memorandum Opinion and Order

of Wood, J., dated August 14, 1992, denying defendant's motion for reconsideration of attorney's fees. The parties consented pursuant to 28 U.S.C. § 636(c) to have Magistrate Judge Grubin render judgment in the case, which was entered on August 19, 1992.

2. Plaintiffs-appellees/cross-appellants are 305 East 24th Owners Corp., Anthony S. Niskanen, Sherry Kain, Jean Mullens, Ellen Fishman, Donald H. Layton and Mort Schwartz. For convenience, we will refer to them as "Owners Corp."

3. Defendants-appellants/cross-appellees are Parman Co., Dicta Realty Associates, Jack Parker, Harold R. Liebman, Seymour Sadkin, Parman Corp., East 24th Garage Corp., East 24th Commercial Corp. and East 24th Laundry Corp. For convenience, we will refer to them as "Parman Co."

section 3607 of the Abuse Relief Act. Owners Corp. then amended its complaint to seek a declaratory judgment that all of the leases at issue had been terminated. Parman Co. moved to dismiss the Amended Complaint. Owners Corp. made a cross-motion for summary judgment.

On April 28, 1987, Judge Ward upheld the section 3607 termination of the garage and laundry leases, but found that leases covering commercial management services could not be terminated under that section. He denied summary judgment with respect to the plaintiff's antitrust and unconscionability claims, finding that disputed issues of material fact existed. The case was assigned to Judge Wood who held a bench trial, and ultimately dismissed both claims. *305 East 24th Owners Corp. v. Parman Co.*, 714 F.Supp. 1296, 1310 (S.D.N.Y.1989). Owners Corp. then sought damages due to Parman Co.'s refusal to turn over control of the garage and laundry facilities effective the date of the leases' termination, and reasonable attorney's fees. Judge Wood granted Owner Corp.'s request for damages and attorney's fees, but denied Parman Co.'s request for attorney's fees under section 3611(d) of the Abuse Relief Act. Judge Wood referred the determination of the amount of damages, prejudgment interest and attorney's fees to Magistrate Judge Grubin.

In February 1992, Parman Co. moved for reconsideration of Judge Wood's determination of attorney's fees in light of our decision in *181 East 73rd Street Co. v. 181 East 73rd Tenants Corp.*, 954 F.2d 45 (2d Cir.1992). Judge Wood denied the motion by Memorandum Opinion and Order on August 14, 1992. Parman Co. timely filed a Notice of Appeal on September 15, 1992, and Owners Corp. timely filed a Notice of Cross–Appeal on September 24, 1992.

## DISCUSSION

Parman Co. argues that the district court erroneously awarded attorney's fees to Owners Corp. under section 3611(d) of the Abuse Relief Act in light of our decision in *181 East 73rd Street.* Parman Co. interprets that case to hold that attorney's fees should only be awarded to a plaintiff when a defendant's opposition to a plaintiff's claim is "frivolous, malicious, or lacking in substantial merit." We disagree.

Section 3611(d) of the Abuse Relief Act, which authorizes the awarding of attorney's fees, reads:

> The amounts recoverable under this section may include interest paid, reasonable attorneys' fees, independent engineer and appraisers' fees, and court costs. A defendant may recover reasonable attorneys' fees if the court determines that the cause of action filed by the plaintiff is frivolous, malicious, or lacking in substantial merit.

The second sentence specifies that if a *defendant* is successful, in order to recover attorney's fees there must be a showing that the action was "frivolous, malicious, or lacking in substantial merit." Clearly, then, the first sentence refers to successful *plaintiffs*, who are entitled to reasonable attorney's fees and other costs within the discretion of the court. There is no requirement that a plaintiff must show that a defendant's opposition was frivolous or insubstantial in order to recover reasonable attorney's fees. Therefore, the plain language of the statute does not support Parman Co.'s position.

Parman Co. insists, however, that we have interpreted the statute to mean that *any party* who is successful must show that the adversarial party's position was frivolous or insubstantial. To support its position, Parman Co. quotes *181 East 73rd Street*, where we said: "And in this case, congressional intent and the unambiguous statutory language are in harmony—a party may recover attorneys' fees under the Abuse Relief Act only if the suit is lacking in substantial merit." 954 F.2d at 51. In *181 East 73rd Street*, the party in question was a defendant attempting to recover attorney's fees upon a successful defense. We found that the suit brought by the plaintiffs raised a novel issue, but not one that was "frivolous, malicious, or lacking in substantial merit." Although defendant argued that we were not bound by the language of section 3611(d), we concluded that absent congressional intent to the contrary, the plain language of the statute, which requires defendants to show a suit

brought by a plaintiff lacked substantial merit, controls. *Id.* We did not decide that a successful *plaintiff* must show a defendant's opposition to its suit to be substantially without merit.

The decision in *Cast Iron Co. v. Cast Iron Corp.,* 707 F.Supp. 655 (S.D.N.Y.1988), which we cited in *181 East 73rd Street,* does not undermine this determination, as urged by Parman Co. at oral argument. The court in *Cast Iron* recognized that when a tenants cooperative terminates a lease pursuant to section 3607, a sponsor or developer will logically sue, "claiming the termination does not meet the requirements of § 3607." *Id.* at 656. However, this does not mean that Congress envisioned that only sponsors and their entities would be plaintiffs in a claim brought under section 3607. That interpretation would directly conflict with the plain language of section 3611(a) which provides that "any person aggrieved by a violation of this chapter may sue at law or in equity." Although it often will be the sponsor who sues to challenge a cooperative's termination of a lease pursuant to section 3607, it may be, as here, that a tenants cooperative may sue to enforce its right to terminate a lease. In the present case, Parman Co. had refused to turn over the leased premises for a prolonged period of time after effective termination, resulting in significant damages to Owners Corp.

As to the remaining claims, the judgment of the district court is affirmed substantially for the reasons stated by Judge Wood in her opinion in *305 East 24th Owners Corp. v. Parman Co.,* 714 F.Supp. 1296 (S.D.N.Y. 1989), and by Judge Ward in his Decision and Order dated April 28, 1987.